**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

AMERICAN HOME CONTRACTORS, LLC,
a Delaware limited liability company,

Plaintiff,

v.                                                                    CIVIL ACTION NO. 3:26-0020

KENNETH DORSEY SLAUGHTER and
ELIZABETH ANN SMITH SLAUGHTER,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff American Home Contractors, LLC's Amended

Motion to Remand and for an Award of its Fees and Costs. ECF No. 10. Also pending is

Defendants Kenneth Dorsey Slaughter and Elizabeth Ann Smith Slaughter's Motion to Dismiss.

ECF No. 12. For the following reasons, the Court **GRANTS** the Motion to Remand, **DENIES** the

request for an Award of its Fees and Costs, and **DECLINES** to rule upon the Slaughters' Motion

to Dismiss.

**I.
FACTUAL AND
PROCEDURAL BACKGROUND**

American Home Contractors, LLC (AHC) is a Delaware limited liability company with its

principal place of business in Fulton, Maryland. *Notice of Removal* ¶6. On November 26, 2025,

AHC filed this contract action in the Circuit Court of Putnam County, West Virginia, against the

Slaughters, who are residents of Virginia. *Id*. ¶¶1, 8. The crux of AHC's Complaint is that the

Slaughters failed to pay $87,981.40 for the installation of a solar roof, battery storage units, and related improvements on the Slaughters' residence located in Fort Valley, Virginia.

On January 12, 2026, the Slaughters removed the action to this Court based upon diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. Following removal, AHC moved to remand, arguing that removal is not permitted under the parties' agreement and that the removal was untimely. The Slaughters oppose AHC's motion and moved to dismiss because they filed an action against AHC in Virginia before AHC filed this action. The Slaughters argue this action is a compulsory counterclaim to the Virginia action, and they are not subject to personal jurisdiction in West Virginia. Upon review, the Court agrees with AHC that removal was improper under the terms of the contract, and the action must be remanded back to the Circuit Court of Putnam County for further proceedings.

**II.**
**DISCUSSION**

AHC argues that remand is mandated because removal is prohibited under the express language of the parties' contract. Specifically, the "Jurisdiction and Venue" provision in the contract provides:

> The Parties consent to exclusive jurisdiction and venue in the Circuit Court of Putnam County, West Virginia, *and expressly waive federal diversity jurisdiction*. Further, with respect to any such legal action, the Parties hereby irrevocably consent and submit to personal jurisdiction in West Virginia, and waive any right to challenge or otherwise object to personal jurisdiction or venue (including, without limitation, any objection based on inconvenient forum grounds).

*Contract Terms and Conditions between AHC and the Slaughters* ¶23 (May 29, 2024) (italics added), ECF No. 1-1. In response, the Slaughters assert the clause is unenforceable and this Court's subject matter jurisdiction cannot be waived.

Upon review, the Court agrees that diversity jurisdiction exists. A fact the parties do not appear to dispute.[1] Rather, the limited issue before the Court is whether the parties' waiver of diversity jurisdiction in the forum selection clause is enforceable and prevents the Court from exercising its jurisdiction over the matter. *See Bartels by & through Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 680 (4th Cir. 2018) ("While the removing party must demonstrate that jurisdiction exists, a forum-selection clause has nothing to do with subject-matter jurisdiction. An enforceable clause prevents a court from exercising jurisdiction over a case that it would otherwise be authorized to hear, but the existence of the clause does not somehow negate the factual and legal bases establishing the court's jurisdiction." (Citation omitted)); *NetTax, LLC v. Pollo W. Corp.*, Civ. Act. No. 4:23-00019, 2023 WL 5992808, at *1 (W.D. Va. Sept. 15, 2023) (stating "[i]f subject-matter jurisdiction exists but the party seeks remand based on a forum-selection clause, the relevant question is whether the forum-selection clause constitutes a waiver of the statutory right to remove" (citations omitted)).

On that front, "[a] defendant may waive its right to remove an action to federal court via a valid and enforceable forum selection clause that mandates a state court as the forum for a case." *Abbington SPE, LLC v. U.S. Bank, Nat'l Ass'n*, 352 F. Supp. 3d 508, 514 (E.D. N.C. 2016) (internal quotations and citations omitted), *aff'd by unpublished per curiam opinion*, 698 F. App'x 750 (4th Cir. 2017). Generally, forum selection clauses are enforced unless enforcement is unreasonable. *BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 470 (4th Cir. 2018). "This presumption of enforceability, however, only applies if the forum selection clause is mandatory rather than permissive." *Id*. (citations omitted). Ultimately, a

---

[1]Defendants assert that AHC conflates subject matter jurisdiction with forum selection. However, AHC acknowledges in its Reply brief that subject matter jurisdiction and removal are different concepts. *See Reply*, at 5, ECF No. 20.

plaintiff seeking remand based on a forum selection clause bears the burden of proof. *Bartels*, 880 F.3d at 681.

Here, the Court has no difficulty finding the language waiving removal in the forum selection clause is mandatory, not permissive. The clause clearly and unambiguously mandates that the parties "expressly waive federal diversity jurisdiction." There simply is no wiggle room in this language to allow removal to this Court based on diversity jurisdiction, and there is nothing unreasonable about this specific term.

Nevertheless, the Slaughters argue the clause is unenforceable because AHC waived its right to invoke it. Specifically, the Slaughters filed an action against AHC and others in the Circuit Court of Shenandoah County, Virginia, on or about September 11, 2025.[2] On October 20, 2025, AHC removed that action to the United States District Court for the Western District of Virginia, asserting diversity jurisdiction. Based upon that removal, the Slaughters insist that AHC cannot now object to their removal of the Putnam County case.

However, a week after AHC removed the Virginia action, it moved to dismiss the action, arguing that the Slaughters breached the forum selection clause by filing their action in Virginia rather than in Putnam County. AHC asserts the fact it removed the improperly filed Virginia action to federal court is not a waiver of its right to enforce the contractual language prohibiting removal of its properly filed action in the Circuit Court of Putnam County. AHC maintains the procedural posture of the Virginia and West Virginia litigation are completely separate and the action it took in the Virginia litigation to challenge the Slaughters' decision to file an action in Virginia, despite the language of the forum selection clause, does not nullify its attempt in this case to enforce the

---

[2]The Slaughters also named American Home Contractors of Virginia, LLC, Tesla Energy Operators, Inc., and Tesla, Inc. Navy Federal Credit Union Foundation and State Department Federal Credit Union are named as parties in interest in the Virginia action.

terms of the same clause to get the action in the contractually agreed upon forum. On the other hand, the Slaughters argue that AHC did not have to remove the Virginia action to argue it should be dismissed, so its removal constitutes waiver.

In considering the parties' arguments, the Court recognizes a party can waive a valid forum selection clause, but waiver "will not be found lightly." *Whiting-Turner Contracting Co. v. Westchester Fire Ins. Co.*, Civ. Act. No. JFM-13-348, 2013 WL 3177881, at *4 (D. Md. June 20, 2013) (citing *Wachovia Bank Nat. Ass'n v. EnCap Golf Holdings, LLC*, 690 F.Supp.2d 311, 327 (S.D. N.Y. 2010)). "'[B]ecause forum selection clauses may result in a waiver of substantive and procedural rights, it would be unfair to infer such a significant waiver absent clear indication of intent through the party's action.'" *Wachovia Bank Nat. Ass'n*, 690 F.Supp.2d at 327-28 (quoting *Ferraro Foods Inc. v. M/V Izzet Incekara*, Civ. Act. No. 01-2682 (RWS), 2001 WL 940562, at *4 (S.D. N.Y. Aug. 20, 2001)). Determining if a party has waived a valid forum selection clause requires a fact-specific inquiry. *Id*. at 328 (citation omitted). "The intent to waive must be clear, as conduct with ambiguous meaning will not support a waiver defense." *Bartels*, 880 F.3d at 678 (citation and footnote omitted).

Under the specific facts of this case, the Court cannot say that AHC *clearly* waived its right to enforce the provision prohibiting removal to this Court because it removed the Virginia action. In fact, although AHC invoked diversity jurisdiction in the Virginia case, it almost immediately filed for dismissal of the entire case based upon the language in the agreement that "[t]he parties consent to exclusive jurisdiction and venue in the Circuit Court of Putnam County, West Virginia[.]" *Contract Terms and Conditions between AHC and the Slaughters* ¶23.[3] Soon

---

[3]In AHC's Motion to Dismiss the Virginia case, it moves for dismissal based on *forum non conviens* and states that "the governing contract between [the Slaughters] and AHC contain a mandatory forum-selection clause requiring that all disputes be brought exclusively in the Circuit

thereafter, AHC filed suit in the Putnam County and, three days after the Slaughters removed to this Court, AHC filed the pending motion to enforce the terms of the agreement and to remand the case back to the Circuit Court of Putnam County. Based on these facts, it is obvious that AHC is attempting to enforce the forum selection clause's language in which "[t]he Parties consent to exclusive jurisdiction and venue in the Circuit Court of Putnam County, West Virginia[.]"[4] These actions, including removal of the Virginia action, do not indicate AHC is waiving its defense to this Court exercising jurisdiction. Obviously, AHC is strongly opposed to this case proceeding anywhere other than the Circuit Court of Putnam County, West Virginia. Therefore, the Court finds AHC has not waived its right under the contract to seek remand in this case.

Nonetheless, the Slaughters further argue that the forum selection clause's requirement of "exclusive jurisdiction and venue in the Circuit Court of Putnam County"[5] and its other terms are unconscionable, violate both Virginia and West Virginia public policy, and violate West Virginia's long-arm statute. The narrow issue before this Court, however, is whether the Putnam County case could be removed to this Court which, for the reasons stated above, the Court finds it could not. The remaining issues are for the Circuit Court of Putnam County to resolve. Likewise, this Court expresses no opinion on the questions raised in the Virginia action. This Court's decision is strictly limited to finding that removal of the Putnam County action to this Court was improper.[6]

---

Court of Putnam County, West Virginia." *Slaughter v. American Home Contractors of Va., LLC,* Civ. Act. No. 5:25-00117-EKD-JCH, *Def. AHC's Mot. to Dismiss,* at 1 (W.D. Va. Nov. 6, 2025), *filed in the present case as* Ex. 3 to *Def.'s Mot. to Dismiss*, at ECF No. 12-3.

[4]*Contract Terms and Conditions between AHC and the Slaughters* ¶23.

[5]*Id.*

[6]AHC also argues that removal was untimely filed. The Court need not address that issue as it finds remand is otherwise appropriate.

Upon remand, AHC further requests that the Court award it attorneys' fees and costs under 28 U.S.C. § 1447(c). This provision provides, in part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c), in part. In *Martin v. Franklin Cap. Corp.*, 546 U.S. 132 (2005), the Supreme Court explained that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." 546 U.S. at 141 (citations omitted). In this case, the Court finds that attorneys' fees and costs are not warranted. In light of the fact AHC had removed the Virginia action, the Slaughters had a reasonable basis to remove this action and assert diversity jurisdiction. Additionally, although the Court finds it unnecessary to rule on AHC's argument that removal was untimely, the Court has reviewed the parties' arguments and recognizes the Slaughters had a reasonable basis to assert that removal was timely based on when they claim Elizabeth Slaughter was served a copy of the Complaint. Therefore, the Court **DENIES** AHC's request for costs and fees.

### III.
### CONCLUSION

Accordingly, for the foregoing reasons, the Court **GRANTS** AHC's Amended Motion to Remand, **DENIES** its request for an Award of its Fees and Costs, and **REMANDS** this action back to the Circuit Court of Putnam County. ECF No. 10. As this case is remanded, the Court **DECLINES** to rule upon Defendants' Motion to Dismiss.

-8-

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:   March 19, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

-8-